9260

LUCAS v. CITY OF FLORENCE *ET AL.*

(87 S. E. 996.)

CONSTITUTIONAL LAW.    MUNICIPAL CORPORATIONS.    STATUTES.

1. CONSTITUTIONAL LAW — MUNICIPAL CORPORATIONS — STATUTES. — It appearing that the only debts which had been incurred for streets and waterworks improvements and maintenance in the city of Florence were for the construction of pavements on Evans and Dargan streets, the joint resolution of 29th February, 1914, 28 stats. 954, and act of 16th February, 1915, 29 stats. 87, amending Const., art. VIII, sec. 7, and the act of 11th March, 1915, relating to the bonded indebtedness of the city of Florence, *held,* to validate these debts.

2. CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS.—The people may, by amendment to the Constitution, validate a debt originally incurred by a municipal corporation in violation of the limitations placed upon it by the Constitution.

Before SHIPP, J., Florence, November, 1915.    Affirmed.

Action by M. D. Lucas against City of Florence, and others, constituting the city council.    From an order dismissing complaint, plaintiff appeals.    The facts are stated in the order, as follows:

The plaintiff, a citizen, freeholder and taxpayer of the city of Florence, brings this action to enjoin the issue and sale of bonds in the sum of one hundred and forty thousand ($140.000) dollars by the city council of Florence for the purpose of refunding an indebtedness incurred in paving certain streets and in making certain extensions, alterations and improvements in the waterworks system of the city. Upon the verified complaint a rule to show cause was issued by his Honor, Judge Frank B. Gary, and made returnable before him the 19th instant. By consent of all parties the hearing on the return to this rule was transferred to me, and the matter now comes before me for a decision on the issues presented by the complaint and the return to the rule to show cause.

All of the allegations of the complaint are admitted by the return except those contained in paragraph 12. This paragraph alleges that the election held on the question of issuing the bonds by the qualified electors of the city of Florence is illegal and void, and not sufficient to authorize the issue of any bonds, for the following reasons:

(a) That the amendment to the Constitution, and the acts of the General Assembly referred to in the complaint, and under which it is proposed to issue said bonds, did not expressly validate the aforesaid indebtedness incurred for the construction of said bitulithic pavements on Evans and Dargan streets, and did not expressly validate said indebtedness incurred for the building and maintaining of the waterworks system of the city of Florence, as said amendment was merely to the debt limit sections of the Constitution, and said acts were merely intended to carry the said amendment into effect; and,

(b) That the indebtedness, both for the paving of the said streets and for the building and maintenance of the waterworks system, exceeded the limit allowed by the Constitution, and had already been incurred at the time that said

constitutional amendment was adopted, and could not be validated by a constitutional amendment.

· In answer to this contention on behalf of the plaintiff the defendants, by their return, allege that the debts sought to be funded by this bond issue were incurred exclusively for the erecting, building, establishing and maintaining of streets and waterworks in the city of Florence, and that the joint resolution (26th February, 1914, 28 Stats. 954), the amendment to the Constitution (16th February, 1915, 29 Stats. 87), and the act of the General Assembly (11 March, 1915, 29 Stats. 561), set forth in the complaint afford ample authority for the issuance of bonds for funding such debts. In addition, the defendants have filed, as a part of their return, affidavits from the former mayor of the city, the present mayor, the former city engineer and the city clerk and treasurer under both the present and former administrations, from which it appears that the debts alleged in the complaint and which it is the purpose of this bond issue to fund were incurred exclusively for the building, erecting, establishing and maintaining of streets and waterworks in the city of Florence. I, therefore, find, as matter of fact, both from the allegations of the complaint and the return and the affidavits annexed thereto, that these debts were so incurred. This being true, the only question present is one of law under the allegations of paragraph 12 of the complaint and the denial of such allegations in the return.

I find that the Constitution of the State has been expressly amended in the manner provided in such Constitution so as to allow the city of Florence to issue bonds for funding an indebtedness already incurred for the building, erecting, establishing and maintaining of streets and waterworks, and that an enabling act to carry such constitutional provision into effect has been duly adopted by the General Assembly. It is contended, however, on behalf of the plaintiff that this constitutional amendment and act of the legislature are not sufficient to authorize the issuing of the bonds here in

question for the reason that they did not expressly validate the indebtedness of the city previously incurred in paving certain of its streets, and did not expressly validate the indebtedness previously incurred in building and maintaining the waterworks system of the city. The joint resolution submitted by the General Assembly to the voters of the State, and both the ratifying and enabling acts passed by the General Assembly, refer to debts already incurred. From the facts in the case it appears that the only debts that had been incurred for streets and waterworks improvements and maintenance were those set forth in the complaint. It, therefore, seems to me that since these were the only debts that the city had to which could be applied the description "already incurred," the General Assembly in submitting the joint resolution, the people of the State in voting on it, and finally the General Assembly in ratifying the amendment and passing the enabling act had these debts and these debts alone in contemplation. This view is strengthened when we consider the fact that the debts so incurred in paving the streets and repairing and making additions to the waterworks system might have been deemed to be in excess of the rights of the council to make, in view of the fact that the question of incurring them had not been submitted to the people of the city in the method required by the Constitution, and, therefore, there was some question as to their validity. Of course, under the doctrine announced in *Luther* v. *Wheeler,* 73 S. C. 83, 52 S. E. 874, 4 L. R. A. (N. S.) 746, 6 Am. & Eng. Ann Cas. 754, if the city received the benefit of such contracts, even though made in violation of the Constitution, it would be liable on the doctrine of money had and received. But, in order to set the matter at rest and provide a method for handling these debts most advantageously, I think it was the intention, in having this constitutional amendment adopted and the acts of the legislature passed ratifying it and enabling the city to vote bonds, to validate these debts and to provide a method for voting bonds for funding them, and I so hold.

It is further contended, however, on behalf of the plaintiff, that since the indebtedness, both for the paving of the streets and for the building and maintenance of the waterworks system, exceeded the limit allowed by the Constitution, and had already been incurred at the time the constitutional amendment was adopted, they could not be validated by a constitutional amendment.

Granting that the debts so incurred did exceed the limits prescribed by the Constitution, still it does not follow that the people were powerless to validate such debts. Indeed, to hold that they could not validate a debt by amending the Constitution would be equivalent to holding that the creature was greater than its creator. The Constitution emanates from the people themselves, in whom reside under the form of our government all the rights of sovereignty, and they certainly, as those in whom repose such powers of sovereignty, have the right to amend the Constitution whenever they see fit in order to repair any infraction thereof, subject to the sole exception that such power cannot be exercised when it would impair vested rights that are protected under the Constitution of the United States. Since no vested rights are involved in this exercise of their prerogative on the part of the people in the present case, I hold that their action in amending the Constitution in the manner set forth in the complaint in this case is ample authority for the issuing of these bonds.

For the foregoing reasons, it is ordered, adjudged and decreed, that the return to the rule to show cause be deemed sufficient; that the rule be discharged and the complaint dismissed.

*Messrs. McNeill & Oliver,* for appellant, cite: 83 S. C. 143.

*Messrs. Mitchell & Lynch* and *Henry E. Davis,* for respondent, cite: 85 S. C. 309.

February 12, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons stated by his Honor, Judge Shipp, in the Circuit decree, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.