### 11032

### VANN v. JASPER COUNTY

#### (114 S. E., 704)

COUNTIES—COUNTY BOARD SHOULD PAY ACCOUNTANT, THOUGH JUDGE DID NOT GIVE ADVANCE APPROVAL OF HIS EMPLOYMENT BY GRAND JURY.—Though the Judge, advising the grand jury to employ an accountant to audit county officers' books, did not give advance approval of the employment as required by the strict letter of Civ. Code 1912, § 4084, providing therefor, if the Judge subsequently presiding approves the accountant's claim for compensation, the County Board should pay the same where it knew that he was doing the work, and there was no suggestion of fraud or excessive compensation or nonfulfillment of the contract in good faith.

Before PRINCE, J. Jasper. November, 1921. Affirmed.

Action by C. L. Vann against Jasper County. From a judgment of the Circuit Court reversing the judgment of the County Board of Commissioners in favor of defendant, it appeals.

The following is the decree of the Court below:

This matter comes before me on appeal from the judgment of the County Board of Commissioners of Jasper County, refusing to approve for payment the bill of appellant, Charles L. Vann, for services rendered and expenses incurred in auditing the books of the officers of Jasper County. It appears that on the ———— day of ———— 1919, the grand jury of Jasper County, acting through their foreman, entered into a contract with the appellant, a certified public accountant, whereby they employed him to audit the books of the County officers for a period of three years, ending June 30, 1919, he agreeing to do the work at a given rate per diem and expenses. The appellant duly made the audit and presented to the grand jury a report of his findings, together with his duly verified bill for salary and expenses, amounting to $998.52, the bill being dated November 24, 1919.

The report and bill were approved by the grand jury and the bill turned over to the County Supervisor with the request that it be paid. Some attempt has been made in the argument before me to show that the report and bill were never properly submitted to and approved by the grand jury, but I think the evidence before the County Commissioners was amply sufficient to establish these facts. The County Commissioners took no action on the claim, neither allowing nor disallowing it, for more than a year and a half after it was presented. Correspondence between the appellant and the County Supervisor put in evidence at the hearing before the County Commissioners, and the uncontradicted testimony of the witnesses on that occasion, would make it appear that the Commissioners gave no reason for their refusal to act beyond stating that certain County officers were displeased with appellant's report. The fact was not referred to in the testimony before the County Commissioners, but it was admitted by counsel in argument before me that the board finally acted on the claim only in obedience to an order of mandamus issued by this Court upon application of the appellant. At a hearing held on July 29, 1921, the appellant appeared in person before the County Board of Commissioners and testified to the justness and correctness of his claim, as did also the foreman of the grand jury, who made the contract with appellant. There was no testimony offered in rebuttal. The County Board, however, refused the claim and denied payment thereof, and from this judgment the appellant appeals, on the ground that it is "contrary to the law and the manifest weight of the evidence."

The uncontradicted evidence shows that the grand jury contracted with the appellant to do certain work, that he did the work to the satisfaction of the grand jury, and that he never has been paid for doing it. The judgment of the County Board stated no reason for refusing to pay the claim, but in the argument before me, counsel for the Board

stated that this refusal was due to the fact that the contract between the grand jury and the appellant was not made in accordance with the provisions of Section 4034 of the Civil Code of 1912, which reads:

*"Grand Jury May Employ Expert Accountant.*—Grand Juries may, whenever in their judgment it becomes necessary, employ one or more expert accountants to aid them to examine and investigate the offices, books, papers, vouchers and accounts of any public officer of their respective counties, and to fix the amount of compensation or per diem to be paid therefor, upon the approval of the presiding or Circuit Judge, given before any expert is employed."

Counsel for the County Board maintains that they had no right to approve the claim because it was based on a contract not approved in advance by the presiding or Circuit Judge. The foreman of the grand jury testified that the presiding Judge in his general charge told them that it would be advisable to employ an accountant to audit the County officers' books and that they were authorized to employ an accountant for the purpose. Counsel for the appellant argues that this was sufficient compliance with the Statute. In my view of the case it is not necessary for me to decide this question. It may be that the Statute did contemplate a more definite expression by the presiding Judge of his approval of a contract with an accountant, but, even if the appellant's contract was defective in this respect, I do not think the defect should be held fatal. It is uncontested that the grand jury and the appellant contracted in good faith, believing that they were acting in accordance with the law, that he fully complied with his contract, and that the County has received the benefit of his services without any payment for them. The amount of the claim is not in dispute, and it is not suggested that the grand jury attempted to spend the County's money uselessly. Such being the case, I do not think that the County Board of Commissioners is jus-

tified in refusing the claim upon a narrow technical ground. Even if the grand jury contracted without the approval of the Judge, as required by the Statute, I see no reason why the defect cannot now be supplied and the contract approved by this Court. Justice demands that this be done, and I do now approve the contract in question and the appellant's claim as of the date when it was presented. Accordingly it is ordered, adjudged, and decreed that the judgment of the County Board of Commissioners be, and the same is hereby reversed and that the appellant, Charles L. Vann, have judgment against the County of Jasper in the sum of $998.52, together with the costs of this appeal.

*Messrs. Jno. P. Wise* and *H. Klugh Purdy,* for appellant, cite: *Law governing employment of expert:* 1 Civ. Code 1912, Sec. 4034.

*Messrs. Miller, Huger, Wilbur & Miller,* for respondent, cite: *Presumption of legality:* 22 R. C. L., 472, 474. *Value received:* 28 R. C. L., 673; 73 S. C., 83; 103 S. C., 169; 62 N. Y. Supp., 726. *Findings of fact not subject to appeal:* 40 S. C., 276; 53 S. C., 46. *Provision requiring Judge's approval in advance is directory:* 25 R. C. L., 769; 9 Rich. Eq., 521; 33 S. C., 562, 580. *Court may sustain where showing would have moved Court to authorize:* 2 McC. Eq., 185; 82 S. C., 109.

October 12, 1922.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a decree of Judge Prince. For a proper understanding of the case, the decree of Judge Prince should be set out in the report of the case.

The exceptions, two in number, raise the sole question whether the County Board of Commissioners should pay an account for work done for a County when the contract is

not approved by the resident or presiding Judge. The respondent gave notice that they would move to sustain the judgment on the ground that his Honor erred in failing to find that the contract between the respondent and grand jury was made in compliance with the provisions of Section 4034 of the Civil Code of 1912, whereas he should have found that the said contract was made in compliance with the provisions of said Section.

All of appellant's exceptions are overruled by the reasons assigned by his Honor in his decree and under the'authority of *Luther v. Wheeler,* 73 S. C., 83; 52 S. E., 874; 6 Ann. Cas., 754; 4 L. R. A. (N. S.), 746, and *Lucas v. City of Florence et al.,* 103 S. C., 169; 87 S. E., 996.

The Board of Commissioners knew Vann was doing the work; there is no suggestion of fraud, or that his compensation was too much, or that he did not bona fide carry out his part of the contract. It would be unjust not to allow him compensation on a technical construction of the Statute. The refusal to pay was purely capricious, under the undisputed facts of this case. Judge Peurifoy advised and approved the appointment of an expert. The Judge who subsequently presided should investigate the claim and approve the amount upon the completion of the work. This Judge Prince did.

We have one presiding Judge sanctioning and advising the appointment of an expert, and another presiding Judge, after the completion of the work, investigating and approving the claim for compensation; to hold otherwise would be to embarrass the Courts and retard investigation by experts, which cannot be hurriedly done.

All exceptions are overruled and judgment affirmed.